**GARY E. BERNE, Plaintiff**

**v.**

**LOUIS BOSCHULTE, MARJORIE LEWIS, and
DILSA CAPDEVILLE, Defendants**

Civ. No. 2003-18

District Court for the Virgin Islands

Division of St. Thomas and St. John

January 6, 2004

KEVIN WEATHERBEE, Law Office of Weatherbee, James M. Derr, St. Thomas, V.I., *for Berne, Plaintiff*

ROSALIE S. BALLENTINE, St. Thomas, V.I., *for Boschulte, Lewis, Capdeville, Defendants*

MOORE, *Judge*

## MEMORANDUM

## I. INTRODUCTION

On February 18, 2003, Gary Berne brought this action to enforce a settlement agreement and recover damages from Louis Boschulte, Marjorie Lewis, and Dilsa Capdeville. These parties signed the settlement agreement in question on July 6, 1998 to resolve an action

before the Territorial Court of the Virgin Islands captioned *Gary Berne v. Louis Boschulte et al.,* Civ. No. 441-1997.

The fact section draws largely from the Appellate Division's September 19, 2002 Memorandum Opinion and Order vacating the trial judge's stay for lack of jurisdiction in *Berne et al. v. Boschulte et al.,* 2002 U.S. Dist. LEXIS 18024 (D.V.I.). Before the Court is plaintiff's August 20, 2003 motion for partial summary judgment for breach of contract and specific performance. Because I find no genuine issue of material fact regarding the settlement agreement's validity, I will grant the motion. The agreement is binding and will be enforced when the values have been updated and conform with the findings in the Tax Case.

## II. FACTUAL AND PROCEDURAL HISTORY

In 1979, Gerard Louis Berne, father of plaintiff Gary Berne, executed a trust for the purpose of disposing of his assets at death, including shares of stock in Berne Corporation and B&B Corporation and several parcels of commercial real estate. The trust provided that his assets would be divided evenly between his son Gary Berne and his daughter, Carol Berne; Carol Berne's half would remain in the trust, while Gary Berne would receive one-half of the trust estate outright. Louis Boschulte, Marjorie Lewis, and Dilsa Capdeville were appointed as trustees of Carol Berne's trust [the "Trust"]. As trustees, they were entitled to vote Carol Berne's shares of each corporate entity. Boschulte was vice president and Lewis was treasurer for both corporations. Each served on the boards of directors with Gustav Danielson, who himself served as assistant treasurer for both corporations.

Upon Gerard Berne's death in 1983, half of the shares of both corporations passed to Gary Berne, who has since acted as president of each corporation and as a director together with Boschulte and Danielson, until Danielson was replaced by William Quetel.

At some point, Berne and the trustees were no longer able to cooperate in the operation of the companies. While still living in the Virgin Islands, Berne sued the trustees in the Territorial Court alleging, *inter. alia,* misconduct, abuse of trust, breach of fiduciary duties, and self-dealing. Berne sought injunctive relief to prevent the trustees from ousting him as president of the two companies.

The parties reached a settlement agreement dated September 12, 1998, and the Territorial Court dismissed the action on September 23, 1998.

The agreement called for the sale of all of Carol Berne's interest in each corporation to her brother, Gary Berne, contingent upon his disclosure of "all books and records of B&B Corporation from 1991 to the present" to each corporation's Board of Directors. The agreement also required Gustave Danielson's removal as a director from each corporation and the election of William Quetel in his place. All of the parties to the agreement mutually selected and assented to Quetel's replacement of Danielson.[1]

Under the terms of the settlement agreement, Quetel's responsibilities included reviewing the books of the corporation, reviewing appraisals, negotiating a selling price for the corporate stock with the parties, and, "should the parties be unable to agree on the amount to be paid, said amount shall be determined by WILLIAM QUETEL in his discretion, taking into account the value of the property, the costs to repair, and the respective rights, duties and obligations of the parties." (Pl.'s Mot. Part. Summ. J., Ex. 2, Settlement Agr. P 10.) In addition, the parties were to determine a mutually agreeable compensation for Quetel for the completion of these tasks.

Following the execution of this settlement agreement which required further corporate action, Quetel declined to serve in his designated capacity. On September 17, 1998, the shareholders of both companies removed Gustav Danielson as director, effective July 3, 1998, and unanimously consented to substitute Dr. Richard Moore to perform Quetel's duties under the settlement agreement. (Pl.'s Mot. Part. Summ. J., Exs. 4-5.). The consents were signed by plaintiff Gary Berne as well as by trustees Boschulte, Lewis, and Capdeville. After Dr. Moore had evaluated the corporate assets and issued a report, the defendants sought to remove him due to an alleged "lack of impartiality."

On July 6, 1999, Berne moved the Territorial Court to reopen the matter to enforce the settlement agreement. The trial judge granted the motion to reopen the matter, and held a hearing on the motion to enforce the settlement agreement. The judge stayed enforcement of the settlement agreement because Danielson had signed the settlement agreement naming Quetel but not the unanimous written consents

---

[1] The settlement agreement was signed by Berne, his wife, Cynthia Berne, and Boschulte, Danielson, Lewis, and Capdeville. Quetel and the attorneys for the parties, James M. Derr and Alan Smith, also signed the agreement.

replacing Quetel with Moore, even though the settlement agreement directed that Danielson be removed as a director of both companies. *See Berne v. Boschulte et. al.,* Terr. Ct. Civ. No. 1998-441 (Terr. Ct. St. T. & St. J.) (March 16, 2000 Opinion & Order). Berne timely appealed the ruling to the Appellate Division of this Court. Finding that the trial court had not incorporated the terms of the settlement into its order dismissing the action in 1998, the Appellate Division concluded that the trial court *never had jurisdiction* to consider Berne's motion for enforcement of the settlement agreement and vacated the March 16, 2000 opinion staying the motion. *See Berne et al. v. Boschulte et al.,* 2002 U.S. Dist. LEXIS 18024 (D.V.I. September 19, 2002).

On February 18, 2003, having moved his domicile to Florida, Berne filed an action to enforce the settlement agreement against the trustees Boschulte, Lewis, and Capdeville in this Court under its diversity jurisdiction. The complaint alleged breach of contract by all three defendants for failing to sell the Trust's interest in the corporations as required by the settlement agreement, and it also specifically alleged that Boschulte had failed to pay rent under the settlement agreement. As relief, Berne asked this Court to order specific performance of the settlement agreement and award any fees or damages that are appropriate under these claims.

On August 20, 2003, Berne moved for summary judgment against the defendants for breach of the settlement agreement and asked for an order of specific performance "compelling Defendants to comply with the terms and conditions of the referenced settlement agreement, as amended and updated by Dr. Richard Moore." (Pl.'s Mot. Partial Summ. J. at 1.) In response, defendant Louis Boschulte has filed an affidavit explaining that defendants have refused to accept Dr. Moore's valuation of the stock because: (1) they believe the valuation improperly excludes the Trust's loans to the plaintiff as well as portions of the corporations' profits still owed to the Trust and that (2) the valuation is invalid because Dr. Moore failed to first negotiate with Berne and the trustees in violation of paragraph 10 of the settlement agreement. (Louis Aff. PP 5-7.)

## III. DISCUSSION

### A. Summary judgment standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v. West Indian Co.*, 118 F. Supp. 2d 646, 648 (D.V.I. 2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the nonmovant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360-61, 84 F. Supp. 2d 629, 631-32 (D.V.I. 1999), *aff'd in part and rev'd in part*, 260 F.3d 228, 43 V.I. 361 (3d Cir. 2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant.

### B. Summary judgment on validity and enforceability

Plaintiff contends that there are no disputed issues of material fact that survive his motion. He specifically states four facts he claims are undisputed: (1) the settlement agreement was entered into voluntarily; (2) Dr. Moore was authorized to fulfil his duties by Gary Berne and the defendant trustees; (3) Dr. Moore was given authority to make final determination of what Gary Berne would pay; and that (4) the defendant trustees have refused to perform. Plaintiff would have the Court conclude that these facts demonstrate the agreement is valid and enforceable and that defendants have breached it. Because I find that defendants have failed to raise any genuine issues of material fact regarding the settlement agreement, I find that the agreement is valid and will enter judgment that it be enforced.

Defendants argue that they did not breach the settlement agreement because Dr. Moore's valuation improperly excludes the Trust's loans to the plaintiff as well as portions of the corporations' profits still owed to the Trust.[2] This argument fails because the defendants executed a

---

[2] Defendants also argue that plaintiff's own motion raises a factual issue because it acknowledges that Dr. Moore's evaluation still needs to be updated and amended. The need to update the valuation does not preclude summary judgment that the settlement agreement is enforceable.

425

unanimous written consent on September 17, 1998 authorizing Dr. Richard Moore to make such a valuation. The defendants cannot complain about the valuation after they have lawfully delegated this authority.

Defendants also maintain that Dr. Moore did not comply with paragraph 10 of the agreement because he did not engage the parties in negotiation before his valuation. Paragraph 10 of the settlement agreement states that Dr. Richard Moore, as substituted for

> WILLIAM QUETEL is further authorized to negotiate with GARY E. BERNE and the Trustees to determine the price that GARY E. BERNE will pay for the shares of B&B CORPORATION and BERNE CORPORATION, giving due consideration to the value of the property, the costs to repair, and the respective rights, duties and obligations of the parties. Should the parties be unable to agree on the amount to be paid, said amount shall be determined by [Dr. Richard Moore] in his discretion, taking into account the value of the property, the costs to repair, and the respective rights, duties and obligations of the parties.

(Pl.'s Mot. Part. Summ. J., Ex. 2, Settlement Agr. P 10.)[3] I disagree with defendants' interpretation that Dr. Moore was *required* to negotiate. Rather, the plain language merely says he's "authorized" to negotiate, not that he is "required" to do so. Furthermore, the rest of the paragraph clearly provides that if the parties are unable to agree, the evaluator shall have sole power to make the valuation. Since I find that Dr. Moore was not required to negotiate, defendants' contention does not raise a genuine issue of material fact.

Defendants disingenuously argue that they are also not in breach of the settlement agreement because it did not specify a time for performance or say time was of the "essence." Where the time for performance is not specified, contract law requires such performance in a reasonable time.[4] Dr. Richard Moore completed his valuation in May

---

[3] As stated before, William Quetel was replaced by Dr. Richard Moore by the unanimous written consents executed for Berne Corporation and B&B Corporation.

[4] *See* comment d to section 204 of the RESTATEMENT (SECOND) OF CONTRACTS:

> Thus where a contract calls for a single performance such as the rendering of a service or the delivery of goods, the parties are most unlikely to agree explicitly that performance will be rendered within a 'reasonable time;' but if no time is specified, a term calling for performance within a reasonable time is supplied.

1999, over four years ago. (Pl.'s Mot. Part. Summ. J., Ex. 6.) One year is more than a reasonable time for performance much less four years. Accordingly, I find that defendants are clearly in breach of their agreement. Because plaintiff's claim for damages resulting from defendants' refusal to perform on the settlement agreement raises factually complex issues, I will schedule an evidentiary hearing on damages.

## IV. CONCLUSION

■ Because defendants have raised no genuine issue of material fact disputing the settlement agreement's validity, I will enter judgment that the settlement agreement is valid and order that it be enforced. Defendants similarly have failed to raise any material fact disputing plaintiff's assertion that they have failed to perform this valid settlement agreement according to its terms and I will enter judgment that they have breached the settlement. As disputed facts appear to exist regarding the amount of damages due to plaintiff, I will schedule an evidentiary hearing on what, damages, if any, should be awarded.